IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES RICKY CHOYCE, JR., § | | |
| TDCJ #690391, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-11-4060 | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

State inmate Charles Ricky Choyce Jr. (TDCJ #690391) seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. After reviewing the petition, which includes a supporting memorandum, the Court issued an order directing Choyce to show cause why his petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). (Docket No. 13). Choyce has filed a motion in response to the Court's show-cause order. (Docket No. 14). After considering all of the pleadings, and the applicable law, the Court **dismisses** this case for reasons that follow.

## I. BACKGROUND

The pleadings reflect that Choyce was charged with committing aggravated robbery with a deadly weapon in Harris County cause number 653300. Choyce pleaded guilty to those charges and, on February 11, 1994, the trial court sentenced him to serve

40 years in prison. On direct appeal, Choyce argued that the trial court erred by denying his motion to withdraw the guilty plea. An intermediate court of appeals denied Choyce's arguments and affirmed the conviction in an unpublished opinion. *See Choyce v. State*, No. 01-94-00205-CR, 1994 WL 562090 (Tex. App. ─ Houston [1st Dist.] Oct. 13, 1994). On November 30, 1994, the Texas Court of Criminal Appeals refused Choyce's petition for discretionary review.

Choyce challenged his conviction by filing a post-judgment application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure on August 14, 1995. *See Ex parte Choyce*, No. 653300-A. The Texas Court of Criminal Appeals denied relief on December 13, 1995. *See Ex parte Choyce*, No. 29,353-01. Sometime thereafter, Choyce filed a second state habeas application that was dismissed on September 21, 2005, as an abuse of the writ. *See Ex parte Choyce*, No. 29,353-02 (Tex. Crim. App.).

Choyce has now filed a federal petition for a writ of habeas corpus, which is dated August 2, 2011.[1] In that petition and supporting memorandum, Choyce maintains that he is entitled to relief because (1) his conviction was obtained by the action of a grand or petit jury which was unconstitutionally selected; (2) his conviction was obtained in

---

[1] The Clerk's Office for the United States District Court for the District of Columbia received that petition on August 23, 2011. The petition was transferred and received by this Court on November 18, 2011. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). The petition is dated August 2, 2011, which indicates that Choyce could not have placed his pleadings in the mail before this time.

violation of the privilege against self-incrimination; (3) he was denied effective assistance of counsel; (4) the prosecution failed to disclose evidence favorable to the defense; (5) the guilty plea was unlawfully induced or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea; and (6) the conviction was obtained with evidence gained from an unconstitutional search and seizure or unlawful arrest. For reasons discussed briefly below, the Court concludes that the petition must be dismissed as barred by the applicable one-year statute of limitations.

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

In response to the show-cause order, Choyce argues that he is challenging the constitutionality of his conviction under 28 U.S.C. § 2241, and not 28 U.S.C. § 2254. A habeas petitioner may not use the general provisions found in § 2241 to circumvent restrictions found in the specific statutes governing habeas corpus review. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (addressing a petitioner's attempt to circumvent the restriction on filing successive motions under 28 U.S.C. § 2255); *see also Medberry v. Crosby*, 351 F.3d 1049, 1060-61 (11th Cir. 2003) (noting that a state prisoner cannot avoid restrictions on § 2254 petitions "simply by writing '§ 2241' on his petition for federal post-conviction relief").

As explained to Choyce in the Court's show-cause order, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the

"AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a habeas petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Choyce challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The pleadings reflect that Choyce was sentenced on February 11, 1994, the conviction was affirmed on October 13, 1994, and the Texas Court of Criminal Appeals refused discretionary review on November 30, 1994. Although Choyce did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court, his time to do so expired, and his conviction became final, on February 28, 1995, before the AEDPA and its statute of limitations went into effect.

Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). Therefore, Choyce had until April 24, 1997, to file a federal habeas corpus petition. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). The pending petition, dated August 2, 2011, is late by more than 14 years and is therefore time-barred unless Choyce can show that a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). As noted above, the most recent state habeas corpus application filed by Choyce was dismissed as an abuse of the writ in 2005. Even assuming that this application was properly filed under state law, it does not qualify for tolling under § 2244(d)(2) because the statute of limitations on federal review had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Choyce does not attempt to satisfy any other criteria for statutory tolling. Instead, Choyce argues that his failure to file a timely federal writ should be excused for equitable reasons because he is "actually innocent."

5

Equitable tolling is an extraordinary remedy that is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). A habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Choyce does not meet the first criteria because he does not demonstrate that he pursued his rights with the requisite diligence. Choyce also does not meet the second criteria because he fails to show that extraordinary circumstances prevented him from pursuing relief in a timely manner.

Choyce's only argument in favor of equitable tolling is his assertion that he is actually innocent because members of the "African American race" were excluded from the grand jury and petit jury in his case. Choyce's claim of actual innocence does not warrant equitable tolling because, although Choyce purports to be innocent, he provides no details that would support a finding of innocence as a matter of fact where the underlying charge is concerned. In that respect, the Court notes that Choyce pleaded guilty to the charges against him. Because Choyce has not shown himself to be actually innocent, there is nothing in the petition which excuses his failure to timely file his petition. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting that claims of

actual innocence are not a "rare and exceptional circumstance" which justifies equitable tolling of the statute of limitations given that many prisoners maintain they are actually innocent).

The Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Given the length of delay and Choyce's clear lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Choyce has not established that he is entitled to any tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

### III.  CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

8

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

2. Choyce's motion in response to the Court's show cause order (Docket No. 14) is **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk's Office shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 9th day of February, 2012.

_____
Kenneth M. Hoyt
United States District Judge